**Reno ROSSI and Harriett Rossi, Appellants (Plaintiffs below),**

v.

**John PERCIFIELD et al., Appellees (Defendants below).**

**No. 4324.**

Supreme Court of Wyoming.

Nov. 4, 1974.

William G. Watt and John M. Daly of Dunlap & Watt, Gillette, for appellants.

David F. Palmerlee of Redle, Yonkee & Arney, Sheridan, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

McEWAN, Justice delivered the opinion of the court.

This was an action upon a written agreement for the sale of a grocery store by plaintiffs, as sellers, against the defendants Percifields, as buyers, and defendants Pittsenbargers, as assignees.[1]

Default judgment was entered in favor of the sellers and against the defendants Pittsenbargers, from which no appeal was taken. Subsequently a judgment was filed in which the suit against the defendants Percifields was dismissed, from which this appeal was taken. This appeal then affects only the sellers and the buyers. The sellers and buyer John Percifield were represented by counsel and briefs were filed for them. The defendant JoAnne Percifield, now JoAnne Percifield Moser, was not represented by counsel and no brief was filed by her or upon her behalf.

In April of 1971 the plaintiffs as sellers entered into an agreement with the defendants Percifields as buyers, wherein the grocery store in Gillette owned and operated by the sellers was sold to the buyers in consideration of the sum of $15,000. The buyers agreed to and did pay the sellers the sum of $5,000 upon the signing of the agreement. The contract further provided that the buyers were to execute a promissory note in the amount of $10,000 due and payable in five years with interest at 8% per annum, payable every six months commencing October 23, 1971. It also contained a provision that the agreement and the business and property which pertained to the agreement could not be sold or assigned without the consent of the sellers.

1. The action against the defendant Leo Pittsenbarger, who died after the action was commenced, was by stipulation dismissed and he was not a party to the suit or appeal.

**820**

On September 8, 1971, the sellers, the buyers, and the assignees executed an "Assignment of Agreement for Sale of Grocery Store," which provided:

"WHEREAS Percifield has agreed to assign said Agreement to Pittsenbarger and Pittsenbarger has agreed to assume the obligations of said agreement and to take over the Grocery Store and all rights, title, interest, and liability, pertaining to the said agreement; and whereas Rossi has consented to this assignment *on conditions that both Percifield and Pittsenbarger shall be liable for the obligations of said agreement* * * *." [Emphasis supplied.]

The assignees signed a $10,000 note payable to the sellers, dated back to April 23, 1971, the date of the sale agreement, and paid the $400 interest payment due in October, 1971. The buyers did not execute a note to the sellers. The next interest payment, due in April, 1972, was not made. The assignees were not successful in the operation of the store and the bank which held a first security interest foreclosed and no assets survived. In October, 1972, the action was commenced by the sellers against all the parties.

The matter was submitted to this court upon briefs and without oral argument; and it was agreed that the issue was whether performance under the agreement was completed, upon delivery of a note to the sellers executed only by the assignees, so as to relieve the buyers of any obligation under the contract as held by the trial court.

■ To rule as did the trial court would give no effect to the provision in the assignment agreement that both the buyers and assignees should be liable for the obligations of the sale agreement. All parts and every word in a contract should, if possible, be given effect. Therefore, a construction rendering a provision meaningless should be avoided because it is presumed that a particular provision is placed there for a purpose. Covey v. Covey's Lit-

tle America, Inc., Wyo., 378 P.2d 506, 511. The buyer, John Percifield, argued that the terms of the contract were ambiguous and therefore the ruling of the trial court was factual in nature. He did not state which contract he thought was ambiguous or wherein it was ambiguous, and we find no ambiguity so far as the agreed issue before the trial court was concerned.

■ In setting aside the judgment of the trial court we make no determination of the final outcome of the litigation but hold only that the action against the defendant buyers should not have been dismissed upon the ground that their obligation was extinguished when the assignees delivered the $10,000 note to sellers.

Reversed and remanded.