John Stanley BULIS and Anise Patricia Bulis, Appellants (Plaintiffs below),

v.

Louis J. WELLS, Appellee (Defendant below).

No. 4590.

Supreme Court of Wyoming.

June 16, 1977.

Bertrand V. Tibbels, Scottsbluff, Neb., and Kyle Casselman, Torrington, for appellants.

Donald E. Jones, Jones & Rogers, Torrington, for appellee.

Before GUTHRIE, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and VERNON G. BENTLEY, D. J.

ROSE, Justice.

The sole issue raised in this appeal concerns the lower court's interpretation of the effect of a lease which contained the following language:

"It is further agreed that Lessee shall have exclusive opption [sic] to renew said above lease. It [sic] said Lessee choosess [sic] to do so at his option."

The trial court considered extrinsic evidence, related to the parties' intention at the time they executed the lease and to negotiations which were preliminary thereto, to reach its judgment that the appellant-lessees' right to exercise the above-mentioned option was conditioned on the lessor's decision to re-lease the premises. Parol evidence was properly considered by the trial court inasmuch as the option clause recited above fails to disclose the full intent of the parties and is, therefore, ambiguous.

We will affirm.

On March 2, 1972, appellants entered into a written lease with Henry R. Gersic, then the owner of certain real property located in Goshen County, Wyoming. The lease was for a three-year term, commencing on March 15, 1972, and it contained the above-mentioned option clause. In a letter, dated September 7, 1974, and received by Gersic on September 17, 1974, appellants notified Gersic of their exercise of the option and their intent to occupy the premises from March 15, 1975, to March 15, 1978, under the terms of the original lease. By deeds dated September 30, 1974, and October 22, 1974, both of which were filed for record on October 22, 1974, Gersic conveyed the subject premises to appellee and his wife.

On October 28, 1974, appellants filed a "Petition In Equity," requesting that a temporary injunction be issued to restrain appellee from interfering with a roadway allegedly located on the subject premises. In addition, appellants alleged that they had duly exercised said option. Appellee answered and counterclaimed, in part, for a declaratory judgment that the appellants had no legal right to bind appellee to a renewal of said lease inasmuch as the option was indefinite and unenforceable without appellee's consent and agreement to the terms of such a renewal. On November 25, 1974, appellants' request for an injunction was denied. On April 22, 1975, appellee moved for summary judgment on the remaining issues, which motion was denied.

The matter came on for hearing on May 5, 1975. At trial before the lower court, appellant John Bulis testified, without objection, that he had originally wanted a five-year lease, but that Gersic would only agree to a three-year lease. Mr. Bulis also testified that when the lease was executed, Gersic did not say anything about the option clause which Bulis had written. Mrs. Bulis, however, testified that Gersic had agreed to the option even though Mr. Bulis had said the option was his (the appellants). Again, there was no objection to her testimony. Mr. Gersic testified that the option was to have been effective only if he (the lessor) decided to re-lease the premises. Appellants objected to this testimony on the ground that it violated the parol-evidence rule. The court overruled the objection, stating that appellants had "opened the door" through the unobjected-to testimony of Mrs. Bulis. Mr. Gersic went on to testify that if appellants had said it was *their* option, he would not have signed the lease. C. Harvey Hanks, the mortgagee of the premises at the time the lease was executed, testified that he was present during the discussions immediately prior to the execution. He testified that he (Hanks) had questioned the meaning of the option clause, and that in response both parties had agreed it would apply if Gersic decided to re-lease the premises. The district court entered a judgment which found, in part, that:

"Upon defendant's Third Counter-Claim, that certain lease made and entered into by and between Henry R. Gersic, defendant's predecessor in title, and plaintiffs, terminated on March 2, 1975, and *the option to renew said lease is not absolute or unconditional and cannot be invoked by the lessees since the lessor,* Henry R. Gersic, elected to sell and did sell the leased premises, that North of the river to defendant, and that South of the river to Andrews Brothers, and *did not choose to re-lease the same, the Court finding the intention of the parties under said option provision to give the plaintiffs a right to renew said lease as against the right of any third party to lease said premises only;*" [Emphasis supplied]

Appellants, who have remained in possession of the premises pursuant to a supersedeas bond, challenge this interpretation of the option clause.

Appellants press the following contentions on appeal: (1) there was no ambiguity in the option clause which would render parol evidence admissible; (2) they, the appellants, offered no testimony which contradicted the plain language of the provision, except Gersic's original objection to a five-year lease; and (3) since the parol-evidence rule is a rule of substantive law, the trial court should have disregarded all extrinsic evidence introduced notwithstanding the absence of objections thereto.

In construing contract language we are guided by the cardinal principle, recently reiterated in *Shepard v. Top Hat Land and Cattle Co.,* Wyo., 560 P.2d 730, 732, which states:

". . . If the language of the contract is plain and unequivocal that language is controlling and the interpretation of the contractual provisions is for the court to make as a matter of law, the meaning of the instrument is to be deduced only from its language if the terms are plain and unambiguous. *Mauch v. Ballou,* Wyo., 499 P.2d 591 (1972); *Craig v. Gudim,* Wyo., 488 P.2d 316 (1971); *Chandler-Simpson, Inc. v. Gorrell,* Wyo., 464 P.2d 849 (1970); *Flora Construction Company v. Bridger Valley Electric Association, Inc.,* Wyo., 355 P.2d 884 (1960); *Barlow v. Makeeff,* 74 Wyo. 171, 284 P.2d 1093 (1955)."

Stated obversely, where the language is ambiguous, the intent of the parties may be searched out by resort to extrinsic inquiry. *Mauch v. Ballou,* Wyo., 499 P.2d 591, 593–594 (1972). In *Mauch,* we said:

"It is settled law in our jurisdiction that where the terms of an instrument are plain and unambiguous, its meaning is to be deduced from the language of the instrument alone; but where the language is ambiguous, the intent of the parties may be searched out by resort to extrinsic inquiry. *Goodman v. Kelly,*

Wyo., 390 P.2d 244, 247; *Chandler-Simpson, Inc. v. Gorrell*, Wyo., 464 P.2d 849, 851; and *Cave Construction, Inc. v. United States for Use and Benefit of Angell Bros., Inc.*, 10 Cir., 387 F.2d 760, 762."

It is also well settled through the opinions of this court that where a written instrument is ambiguous parole evidence is admissible to ascertain its meaning, although it may not add to or detract from the writing. *Kilbourne-Park Corporation v. Buckingham*, Wyo., 404 P.2d 244, 245 (1965); and *Parkinson v. Roberts*, 78 Wyo. 478, 329 P.2d 823, 826 (1958). In *Kilbourne-Park Corporation, supra*, we said:

". . . It is well settled that where a written instrument is ambiguous parol evidence is admissible to ascertain its meaning, although it may not add to or detract from the writing. 32A C.J.S. Evidence § 959(1)a, p. 374; 20 Am.Jur., Evidence, § 1147, p. 999; 17 Am.Jur.2d, Contracts, § 77, pp. 417, 418; 17A C.J.S. Contracts § 597, p. 1163. As to the meaning of an ambiguous contract, see 3 Words and Phrases, p. 443 (1953). Also, we announced the rule in *Goodman v. Kelly*, Wyo., 390 P.2d 244, 247, that if a contract were ambiguous resort might be had to competent evidence of extraneous circumstances that tend to explain the ambiguity and further illustrate the intention of the parties at the time the provisions were adopted."

We acknowledge, or course, that the parol-evidence rule is one of substantive law (*Soppe v. Breed*, Wyo., 504 P.2d 1077 (1973)) and must be applied even where testimony is admitted without objection. *North American Uranium, Inc. v. Johnston*, 77 Wyo. 332, 316 P.2d 325, 330–331 (1957); and *Bushnell v. Elkins*, 34 Wyo. 495, 245 P. 304, 306 (1926). The Supreme Court of North Dakota said in *Gajewski v. Bratcher*, N.D., 221 N.W.2d 614, 629 (1974):

". . . [S]ince parol evidence is not a rule of evidence but of substantive law, the failure to make proper and timely objection to the admissibility of oral or intrinsic evidence does not render such evidence competent or admissible or en-title it to any probative force or value, and imposes a duty upon the appellate courts to disregard and to exclude such evidence from its consideration in the rendition of its decision in the absence of a claim or proof of fraud, mistake or accident. 32A C.J.S. Evidence § 851, p. 219; 30 Am.Jur.2d, Evidence, §§ 1017 and 1022; 88 C.J.S. Trial § 154, p. 301; Williston on Contracts (3d ed.) § 631; and 5 Am.Jur.2d, Appeal and Error, § 737."

Our first and primary endeavor, therefore, must be to ascertain whether the contract now before us is ambiguous. If so, parol evidence was admissible. An "ambiguous contract" is one capable of being understood in more ways than one. It is an agreement which is obscure in its meaning, because of indefiniteness of expression, or because a double meaning is present. See 3 Words and Phrases, "Ambiguous Contract," at 443 (1953) and its 1976 Cumulative Annual Pocket Part. In the instant case, we are confronted with an option clause which grants the appellants an "exclusive opption [sic] to renew said above lease." This phrase is then modified by the following language: "It [sic] said lessee chooses [sic] to do so at his option." In determining the import of such language, meaning should be afforded to all of the language used by the parties if that can be done. As we said in *Shepard v. Top Hat Land and Cattle Co., supra*, at 732:

". . . All the parts of and every word in the contract should, if possible, be given effect, avoiding a construction which renders a provision meaningless because the presumption is that a particular provision is placed there for a purpose. *Rossi v. Percifield*, Wyo., 527 P.2d 819 (1974). . . ."

The word "exclusive" was used by the parties in describing the type of option which was to be granted. This word is commonly defined as: "not including, admitting, or pertaining to any others. [cases omitted] Shutting out; debarring from interference or participation; vested in one person alone." Black's Law Dictionary, at 673 (Fourth Edition 1968). Clearly, when

the word "exclusive" is taken in the context of this definition and combined with the second portion of this provision—"It [sic] said Lessee choosess [sic] to do so at his option."—the appellants at least had an option to renew the lease to the exclusion of third parties wishing to lease the subject property. It is unclear, however, that appellants had the right to renew the lease in the face of the owner-lessor's decision to sell the land. The language is capable, in this sense, of a double meaning. It could mean that the appellants had the right to renew the lease *if the property was to be re-leased* by the lessor, or it could mean that the appellants had the right to renew the lease *under all circumstances.* In other words, part of the meaning of the option clause can be ascertained from the language itself, but its *entire* meaning cannot be so ascertained.

We conclude, therefore, that the option clause is ambiguous and resort was properly had to extrinsic evidence in order that the intent of the parties could be precisely ascertained. Such an inquiry was necessary to the determination of the true meaning of the entire option clause. The trial court having properly taken testimony for the purpose of ascertaining the intent of the parties and having decided that issue upon a fact-inquiry, we, of course, have no authority to, and will not, disturb the trial court's decision.

This appeal was taken subject to the posting of a supersedeas bond in the amount of $1,800.00. Since we have affirmed the judgment of the trial court, we remand for further proceedings on the question of damages and for such other action as is not inconsistent herewith.

Affirmed.

RAPER, J., did not participate.