**Mel HOLLABAUGH and Betty Holla-baugh, Appellants (Plaintiffs below),**

**v.**

**Floyd KOLBET and Ivan Haugen, Appellees (Defendants below).**

**No. 5166.**

Supreme Court of Wyoming.

Jan. 11, 1980.

Robert C. Wilson, Douglas, for appellants.

W. Thomas Sullins, II of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellee, Haugen.

No brief or other appearance for appellee Kolbet.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This appeal comes to us from a dispute over road easements concerning the land of defendants-appellees.

In May of 1978, the land was owned by Raymond L. Reese and Dorothy M. Reese. It, along with several other parcels in the same area, was being offered for sale by the Reeses, with Western Agency of Douglas, Wyoming, acting as their real estate broker.

On May 2, 1978, the Reeses executed, and caused to be recorded, a Grant of Road Easement conveying an easement along the south and west borders of a 40-acre tract which was later sold to the appellees—Mr. and Mrs. Haugen and Mr. and Mrs. Kolbet. The sale to the appellees was consummated on June 13, 1978, and all papers affecting the sale described the easement to be on the south and west boundaries of the 40-acres, except the deed which described an easement on the eastern boundary. At no time during the period with which we are concerned was any instrument purporting to abandon the above-mentioned south and west border easement executed by all of the appellees. The warranty deed executed by the grantors contemporaneously with the closing papers did contain a provision for an easement along the eastern boundary, but the grantees did not even see the deed and did not agree that this inclusion would either abandon or serve in lieu of the previously granted easement along the south and west boundaries.

In July of 1978, the appellants-Hollabaughs purchased 120 acres of land from the Reeses, which property lay north and west of the tract owned by appellees. This transaction was also negotiated through the Western Agency of Douglas. An agent of this real estate firm, in negotiating with the Hollabaughs, represented that there would be an easement along the eastern edge of the 40 acres belonging to the appellees if the Hollabaughs would buy a block consisting of 120 acres.

When the Hollabaughs and the Reeses closed the sale of the 120 acres on August 4, 1978, a representative of the real estate agency showed the purchasers a map of the area containing a penciled easement along the east boundary and represented the easement to actually exist. On August 8, 1978, appellee-Haugen signed an agreement whereby the easement on the south and west was purportedly abandoned, with provision made for other access to the property, but the other access was not specified in the agreement. On August 9, 1978, the Grant of Road Easement providing for a 30-foot road easement along the east side of the appellees' property was filed, showing the Reeses to be the grantors.

Thereafter, the appellees admonished the appellants to not use the purported east easement, while continuing to honor the easement along the south and west boundaries of their 40-acre tract.

The contest between the parties was brought to the attention of the district court by appellants-Hollabaughs filing a declaratory-judgment action seeking a declaration that the east easement was valid and asking for an injunction against interference therewith by appellees. The appellees, in turn, filed a counterclaim praying that the appellants be enjoined from use of the east easement and from going on the land of appellees except by way of the easement adjoining the south and west border. Appellee Haugen also asked damages. The court found generally for defendants-appellees against the plaintiffs-appellants, except that Haugen's claim for damages was denied.

We will affirm.

The appellants delineate the following three issues for review:

1. "The Court errored [sic] when it refused to allow parol evidence as to the part of the transaction not integrated into the Contract for Deed.

2. "The trial Court errored [sic] in finding that their [sic] was no road easement on the east side of the Appellees' established, either expressed or implied, reservation of the common grantor of the Appellants and the Appellees.

3. "That the Appellee Haugen should be estopped from denying that an easement exists due to his entering into an agreement with the common grantors concerning the easement on the property."

*Issue Number 1:*

The appellants assign as error the ruling of the court which excluded the use of parol evidence, their theory being that the written instruments of sale do not reflect the agreements of the parties, as evidenced by the mention of the east easement in the deed. Where this occurs, say the appellants, the agreements are not fully integrated and parol evidence is admissible to show that the written agreements do not reflect the intention of the parties.

■ The parol-evidence rule contemplates that a written instrument that is plain, clear and unambiguous cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence.[1] It has long been recognized by this and other courts that a different rule would soon render instruments in writing of no value and the temptation to commit perjury would be increased. *Bushnell v. Elkins,* 34 Wyo. 495, 245 P. 304, 306, 51 A.L.R. 13 (1926). Accord: *Parkinson v. Roberts,* 78 Wyo. 478, 329 P.2d 823, 826 (1958); *North American Uranium, Inc. v. Johnston,* 77 Wyo. 332, 316 P.2d 325, 333–334 (1957); *Johnson v. School District 14,* 70 Wyo. 407, 250 P.2d 890, 892 (1952); *Holly Sugar Corp. v. Fritzler,* 42 Wyo. 446, 296 P. 206, 215 (1931); and *Bosler v. Coble,* 14 Wyo. 423, 84 P. 895, 898 (1906).

■ If the language of a contract is plain and unequivocal, that language is controlling and the interpretation of its provisions is for the court to make as a matter of law. The meaning of the instrument is to be deduced only from its language if the terms are plain and unambiguous. *Bowen v. Korell,* Wyo., 587 P.2d 653, 656 (1978); *Shepard v. Top Hat Land & Cattle Co.,* Wyo., 560 P.2d 730, 732 (1977); *Mauch v. Ballou,* Wyo., 499 P.2d 591, 593–594 (1972); *Craig v.*

*Gudim,* Wyo., 488 P.2d 316, 319 (1971); *Chandler-Simpson, Inc. v. Gorrell,* Wyo., 464 P.2d 849, 851 (1970); *Flora Construction Company v. Bridger Valley Electric Association, Inc.,* Wyo., 355 P.2d 884, 885 (1960); and *Barlow v. Makeeff,* 74 Wyo. 171, 284 P.2d 1093, 1097 (1955).

■ An "ambiguous contract" is one capable of being understood in more ways than one. It is an agreement which is obscure in its meaning because of indefiniteness of expression or because a double meaning is present. *Bulis v. Wells,* Wyo., 565 P.2d 487, 490 (1977).

■ In the case at bar, the Reeses and the Kolbet-Haugen Contract for Warranty Deed and the related Memorandum of Agreement, signed by the Reeses, Kolbets and Haugens on June 13, 1978, are clear in their meaning and have no ambiguity whatsoever. The easement described in those instruments is equally clear. The trial court, in its Decision Letter, called attention to Paragraph 18 of the Contract for Warranty Deed, where it is said:

". . . This contract includes the full and entire agreement by the parties and that no other covenants, promises, or obligations have been made, given, or included other than those included herein with the exception of the representation of buyers to sellers that they intend to use the premises for rural agricultural purposes. . . ."

It should be remembered that here we are discussing a contract for sale of land, and thus,

" 'The statute of frauds regulates the manner of making contracts with regard to the proof of them; it requires that the contract for the sale of the lands should be in writing and subscribed by the party by whom the sale was made. The statute avoids all contracts for that purpose which are not made as it prescribes. And, after it is made, it can only be proved by the writing; and all the terms must be contained in the writing itself.

---

1. It is unnecessary to consider certain well-known exceptions to the strict application of the parol-evidence rule since they do not exist in this case.

It does not permit new specifications to be added by parol to the written paper. It is rigorous in its requirements that the written paper shall contain the whole contract as made. . . .'" *Gaido v. Tysdal,* 68 Wyo. 490, 235 P.2d 741, 746 (1951), quoting from *Proctor v. Thompson,* 13 Abb.N.C., N.Y. 340, 343.[2]

The appellants referred to certain testimony as having been improperly excluded. When analyzed, it appears clear to us that this evidence was offered for the purpose of varying the unambiguous Contract for Warranty Deed and Memorandum of Agreement, executed by the parties, which instruments provided for a single easement along the south and west boundaries of the land purchased. The appellants' effort was one which contemplates adding and detracting from the writings, the effect of which would be to rewrite the agreement of the parties. This cannot be done. *Bulis,* supra, at 565 P.2d 490; and *Bowen,* supra, at 587 P.2d 656. Evidence of extraneous circumstances is not admissible to contradict, alter, add to, or vary the plain terms of a contract. *Goodman v. Kelly,* Wyo., 390 P.2d 244, 247 (1964).

The appellants cite *North American Uranium Inc. v. Johnston,* 77 Wyo. 332, 348, 316 P.2d 325 (1957), for the proposition that where an agreement has been only partially integrated, it is error for the court to exclude parol evidence offered for the purpose of showing that the instruments with which we are concerned did not reflect the agreement of the parties.

This rule has no applicability to the facts of this case because the contract of sale properly entered into by all of the parties was fully integrated and provides that it includes all agreements intended by the parties, with the exception of a certain provision about the general use of the property, which has nothing to do with the easement problem.

*Issue Number 2:*

Secondly, the appellants say that the trial court was in error in failing to hold that the parties created an east easement at the time when the Reeses and the appellees entered into their contract.

The trial court found for the defendants-appellees on the facts.

We have held on numerous occasions that the decision of the trial court is presumptively correct and will not be set aside unless shown to be clearly and palpably erroneous. *True v. Hi-Plains Elevator Machinery, Inc.,* Wyo., 577 P.2d 991, 996 (1978); *Peterson v. Johnson,* 46 Wyo. 473, 28 P.2d 487, 489 (1934); *O'Malley v. Eagen,* 43 Wyo. 233, 2 P.2d 1063, 1066 (1931); and *Iowa State Savings Bank v. Henry,* 22 Wyo. 189, 136 P. 863, 864 (1913).

An appellate court cannot substitute its judgment for that of the trial court on findings of fact. *Zullig v. Zullig,* Wyo., 502 P.2d 198, 201 (1972). In the absence of special findings of fact, the reviewing court must consider that the trial court's judgment carries with it every finding of fact supported by the evidence. *Hendrickson v. Heinze,* Wyo., 541 P.2d 1133, 1135 (1975).

In the case before us, the court below made no special findings of fact. However, a general finding was entered which determined that the only right-of-way easement on the defendants-appellees' land is that easement of record along its south and west boundaries. This general finding constituted a finding of all subsidiary facts necessary to sustain the judgment. *Hurst v. Davis,* Wyo., 386 P.2d 943, 949 (1963); *Schmidt v. Foster,* Wyo., 380 P.2d 124, 126 (1963); *Porter v. Wilson,* Wyo., 357 P.2d 309, 316 (1960); *School District No. 32 v. Wempen,* 80 Wyo. 311, 342 P.2d 232, 235 (1959); *Holbrook v. Continental Oil Company,* 73 Wyo. 321, 278 P.2d 798, 803 (1955); *Lucksinger v. Salisbury,* 72 Wyo. 164, 262 P.2d 396, 403 (1953); and *Jacoby v. Town of*

2. This is a broad statement of the rule, particularly applicable to the case at hand. Under appropriate circumstances not present here, agreements within the statute of frauds may be reformed through the use of parol evidence.

See, *Remilong v. Crolla,* Wyo., 576 P.2d 461 (1978); *Wallis v. Bosler,* 70 Wyo. 129, 246 P.2d 771 (1952); and *Russell v. Curran,* 66 Wyo. 173, 187, 206 P.2d 1159, 1163 (1949).

*City of Gillette,* 62 Wyo. 487, 174 P.2d 505, 514, 169 A.L.R. 502 (1946).

The trial court pointed out in its Decision Letter that the sellers of the subject land, Raymond L. Reese and Dorothy M. Reese, had no authority to promise an easement to plaintiffs-appellants on the east side of the Kolbet-Haugen property, and that the Reeses had no authority thereafter to grant such an easement to anyone. The court found from the evidence that, while there were discussions about granting an east easement and abandoning the south and west easement, "This was never finalized." Our review of the record supports the court's finding in this respect.

■ The only person who may grant a permanent easement is the owner of the land in fee simple, or a person with a power of disposal of the fee, 25 Am.Jur.2d, Easements and Licenses, § 15, and, therefore, the Reeses, after selling the subject property under a valid contract, could not grant an easement upon or convey away the land. The Kolbets and the Haugens were vested with an equitable estate as purchasers under the contract for sale of realty. *Davis v. Schiess,* Wyo., 417 P.2d 19, 23 (1966); and 91 C.J.S. Vendor and Purchaser § 106. The following discussion in *Baldwin v. McDonald,* 24 Wyo. 108, 156 P. 27, 35 (1916), provides additional support for this contention:

> "The rule in equity, defining the relation of the vendor and vendee respectively to the land, under a contract of sale prior to the conveyance of the legal title, is stated and discussed in the opinion in *Olds v. Little Horse Creek Cattle Co.,* 22 Wyo. 336, 140 Pac. 1004. That rule is that in equity the vendee is treated as the beneficial owner of the land, and the vendor as the owner of the purchase money, and the vendor becomes, as to the land, a trustee for the vendee, subject to the performance of the latter's obligations, and the vendee, as to the purchase money, a trustee for the vendor, who has a charge or lien on the land or equitable estate of the vendor therefor, . . ."

It follows from what has been said that there was no formalized agreement among the parties for an east easement and an abandonment of the south and west easement. Furthermore, the Reeses could not grant to a third party an easement upon lands they did not own and they could not grant an easement upon lands with respect to which they did not have a power of disposal.

*Issue Number 3:*

■ Lastly, the appellants argue that the appellee, Haugen, should be estopped from denying that an east easement exists since, the appellants argue, Haugen entered into an agreement with the common grantors concerning the easement on the property.

Any agreement made by Mr. Haugen only, absent a showing that he had the authority to speak for the other three owners of the 40-acre tract, is irrelevant to the question of whether or not the owners of the 40-acre tract had in fact made a binding agreement to create an easement on the east boundary or abandon the west-south existing easement. There is no evidence that Haugen had such authority and, furthermore, his conversations were with the Reeses—not the Hollabaughs. In fact, the Hollabaughs, Kolbets and Haugens did not even meet until after Hollabaughs had purchased the 120-acre tract on August 4, 1978.

In support of their estoppel theory, the brief of appellants cites *Forde v. Libby,* 22 Wyo. 464, 143 P. 1190 (1914), which does provide that where owners of adjoining lots orally agreed upon a private way between their lots and constructed their improvements with relation thereto, they were estopped from disputing the other's right to such an easement. In the case at hand, there is no evidence of an agreement of any kind between the adjoining land owners. At the initial meeting of Hollabaugh, Kolbet and Haugen, Mr. Haugen showed Mr. Hollabaugh the easement on the south and west boundaries and told him that was the easement of record and the one to be used. Also, as previously detailed herein, there was no such agreement reached by and among the Reeses, Kolbets and Haugens after the Hollabaugh purchase.

Absent the proof of such an agreement, there can be no claim of estoppel, as an estoppel arises where one, by his conduct, lulls another into a false sense of security and into a position he would not take except for such conduct. *Jankovsky v. Halladay Motors,* Wyo., 482 P.2d 129, 132 (1971). The conduct of defendant-appellee-Haugen is clearly opposed to any agreement that there was an east easement, as the evidence is that he showed at least two parties, including Mr. Hollabaugh, the easement on his land along the south and west and affirmatively denied any easterly easement.

Surprisingly, plaintiffs-appellants specifically rely upon the doctrine of estoppel by deed in making their argument on this topic. Where defendants-appellees were the grantees and not grantors, did not execute any deed, did not accept any deed, and did not even see the deed at issue until at or shortly before the trial in this case, the doctrine is inapplicable. The general rule is that a person who assumes to convey an estate by deed, or his successor, is estopped, as against the grantee, or those in privity with him, to assert anything in derogation of the deed, *Body v. McDonald,* 79 Wyo. 371, 334 P.2d 513, 515 (1959), and the estoppel by deed generally runs against the grantor rather than against the grantee. 31 C.J.S. Estoppel § 15.

Affirmed.