**J.D. KELLIHER and Neal Carroll, Appellants (Defendants),**

**Colossal Enterprises, Inc., a Wyoming corporation; Charles Walton, and Richard D. Inberg (Defendants),**

v.

**Leroy HERMAN, Appellee (Plaintiff).**

No. 84–220.

Supreme Court of Wyoming.

July 9, 1985.

Rehearing Denied Aug. 26, 1985.

Frank M. Andrews, Jr., Andrews & Anderson, Riverton, for appellants.

Joel M. Vincent, Hettinger & Leedy, P.C., Riverton, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellants, with others, were stockholders in Colossal Enterprises, Inc., a Wyoming corporation (hereinafter referred to as "Colossal"). Appellants and Colossal, with others, were stockholders in A & I Equipment, Inc., a Wyoming corporation (hereinafter referred to as "A & I"). A & I executed a promissory note to appellee in the principal amount of $260,590.00. Colossal and appellants, with others, personally guaranteed the payment of the note "as is equal to the percentage of stock ownership held by such individual guarantor in" A & I. A & I became insolvent; and all guarantors (including appellants) except Colossal (which also became insolvent) settled with appellee under their individual guarantees. Appellee instituted this action to obtain payment from appellants, and others, for Colossal's share of the guaranty. After a jury trial, judgment was entered in favor of appellee. This appeal is from that judgment.

We reverse.

Appellants word the issues on appeal:

"1. Did the District Court err in denying Appellants' motion for directed verdict or motion for judgment notwithstanding the verdict?

"2. Was there sufficient evidence to support a judgment against the individual shareholders, on the theory that the corporation was a mere alter ego of the shareholders?

"3. Were the findings of fact by the jury clearly erroneous or contrary to the great weight of the evidence?

"4. Did the Appellee waive his right to sue the Appellants, by giving them a release, or waiver?

"5. Was the Appellee estopped from suing the Appellants on the note by failing to disclose his future intent to sue?"

Our determination that the releases given by appellee to appellants releasing them from all obligations arising out of the promissory note makes it unnecessary to consider the other issues.

The operative portion of the release given to appellant Kelliher provides:

"NOW, THEREFORE, for and in consideration of the payment of the sum of $31,917.35 from J.D. Kelliher and Francis J. Kelliher, I, LeRoy Herman, do hereby release, acquit, and forever discharge said J.D. Kelliher and Francis J. Kelliher, their heirs, successors, and assigns, of and from any and all actions, causes of actions, claims, demands, damages, costs, loss of services, loss of wages, expense, and compensation known or unknown, which I may now have, or may hereafter have, on account of, or arising out of, the promissory note executed by A & I Equipment, Inc., a Wyoming corporation, on the 26th day of October, 1979, and which was guaranteed as to payment in accordance with the percentage of share ownership held by J.D. Kelliher and Francis J. Kelliher in the aforesaid corporation. This release contains the entire agreement between the parties and the terms are contractual and not a mere recital."

The operative portion of the release given to appellant Carroll contains the identical language except that the consideration is recited to be:

" * * * the payment and execution of a promissory note of even date herewith, in the sum of $10,000.00 from NEAL F. CARROLL and JUDITH A. CARROLL * * *."

And the names of appellant Carroll and his wife were inserted instead of the names of appellant Kelliher and his wife.

The intent of the parties is definitely expressed in plain, clear and unambiguous language. A release is contractual in nature and is a contract or a species of contract. *Coulter, Inc. v. Allen*, Wyo., 624 P.2d 1199, 1203 (1981). We have defined an ambiguous contract as

"* * * an agreement which is obscure in its meaning, because of indefiniteness of expression, or because a double meaning is present. * * *" *Bulis v. Wells*, Wyo., 565 P.2d 487, 490 (1977).

It would be difficult to find language which is more definite or which sets forth a more single meaning or intention than that used in these releases. In the releases, appellee states that:

"I, * * * hereby release, acquit, and forever discharge * * * from * * * all actions, causes of action, claims, * * * which I may now have, or may hereafter have, *on account of, or arising out of, the promissory note executed by A & I Equipment, Inc.* * * *." (Emphasis added.)

The claims or causes of action under which appellee seeks recovery in this case, whether against appellants directly, against Colossal, or against appellants because of their relationship with Colossal, are "on account of, or arising out of," the A & I note. The meaning is not obscure. The releases are not ambiguous.[1]

If there is no ambiguity, we assume that the words of the contract express the intention of the parties. *Rouse v. Munroe*, Wyo., 658 P.2d 74, 77 (1983); *Schacht v. First Wyoming Bank, N.A.-Rawlins*, Wyo., 620 P.2d 561, 563 (1980); *Amoco Production Company v. Stauffer Chemical Company of Wyoming*, Wyo., 612 P.2d 463, 465 (1980).

Whether ambiguity exists is a question of law. *Amoco Production Company v. Stauffer Chemical Company of Wyoming*, supra. The interpretation and construction of a contract is also a question of law and is done by the court. *Bulis v. Wells*, supra; *Amoco Production Company v. Stauffer Chemical Company of Wyoming*, supra.

A release discharges another from an existing or asserted duty, claim or obligation, and it bars recovery thereon. Restatement of Contracts (Second) § 284 (1981); Calamari and Perillo, The Law of Contracts § 21–10 (2d Ed.1977); 76 C.J.S. Release § 40 (1952); 66 Am.Jur.2d Release § 1 (1973).

Inasmuch as the intent of the parties was plainly and unambiguously expressed in the releases to discharge appellants from all claims, causes of action and actions "on account of, or arising out of, the promissory note" of A & I Equipment, Inc., and inasmuch as appellee's claims and causes of action in this matter are "on account of, or arising out of" such note, he cannot prevail.

Reversed.

---

1. If there were ambiguities, appellee would have to overcome the proposition that a contract is considered most strongly against the party that scrivened it. *McGinnis v. General Petroleum Corporation*, Wyo., 385 P.2d 198, 201 (1963). The releases in this case were scrivened by appellee.