Eli JURKOVICH, Appellant (Plaintiff),

v.

Emery TOMLINSON and Allyn Mae Tomlinson, husband and wife; and Eric A. Tomlinson, Individually, and d/b/a Eric's Land and Cattle Company, a Wyoming Partnership, jointly and severally, Appellees (Defendants).

Eric A. TOMLINSON, Individually, and d/b/a Eric's Land and Cattle Company, a Wyoming Partnership, jointly and severally, Appellant (Defendant),

v.

Eli JURKOVICH, Appellee (Plaintiff).

Nos. 94–181, 94–182.

Supreme Court of Wyoming.

Oct. 31, 1995.

■■■■■■

■■■

■■■■■■

Joel M. Vincent of Vincent & Vincent, Riverton, for Eli Jurkovich.

Robert B. Ranck of Ranck & Schwartz, Jackson, and Timothy W. Miller, Casper, for Emery Tomlinson, Allyn Mae Tomlinson and Eric Tomlinson.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Eli Jurkovich prevailed on a claim of fraudulent inducement before a jury. The district court granted Emery Tomlinson's, Allyn Mae Tomlinson's, and Eric A. Tomlinson's motion for judgment notwithstanding the verdict and Eli Jurkovich appeals that decision. The same jury rejected a counterclaim by Eric Tomlinson and he appeals that decision. We reverse the district court's decision to grant judgment notwithstanding the verdict, but affirm the jury's decision rejecting the counterclaim.

## I. ISSUES

In Appeal No. 94–181, appellant, Eli Jurkovich (Jurkovich), presents the following issues:

A. The damages awarded by the jury on plaintiff's fraud claim bore no relation to the injury inflicted, which called for rescission and return of the consideration paid.

B. The trial court's awarding of a directed verdict in favor of the defendants on plaintiff's fraud claim was an abuse of discretion.

C. The trial court erred in denying plaintiff's motion for judgment as a matter of law on Eric Tomlinson's counterclaim for breach of contract, because Eric Tomlinson had no ability to per-

form his obligations under that contract.

Appellees, Emery Tomlinson, Allyn Mae Tomlinson, and Eric Tomlinson, individually and d/b/a Eric's Land and Cattle Company, state the issues as:

1. Whether the district court correctly ruled that there was no legally sufficient evidentiary basis for the jury's finding of fraud.

2. Whether there is any legal basis for a four-fold increase in the jury's damage award for fraud.

3. Whether there was evidence upon which the jury could properly find Eli Jurkovich liable for breach of contract.

In Appeal No. 94–182, appellant, Eric Tomlinson, individually and d/b/a Eric's Land and Cattle Company, states the issue as:

Is the jury's finding that appellant Eric Tomlinson was not damaged by appellee Eli Jurkovich's breach of contract contrary to the great weight of the evidence presented at trial?

Appellee, Jurkovich, restates the issue:

Whether there was sufficient evidence to support the jury's finding that Eric Tomlinson had suffered no contract damages[.]

## II. FACTS

A summary of the facts in this case is recorded in *Jurkovich v. Estate of Tomlinson*, 843 P.2d 1166, 1167–71 (Wyo.1992). In that case, we reversed the district court's decision to grant summary judgment in favor of the Estate of Emery Tomlinson, Allyn Mae Tomlinson, and Eric Tomlinson. In the matter before us, the thrust of Jurkovich's complaint is that he was fraudulently induced into assuming certain financial obligations regarding a farm located in Fremont County, Wyoming. Eric Tomlinson's counterclaim is for damages he allegedly incurred as a result of Jurkovich's breach of the assumption agreement under which he assumed financial obligations with respect to the farm. Further facts will be discussed as required.

## III. DISCUSSION

### A. RENEWAL OF A MOTION FOR JUDGMENT AS A MATTER OF LAW AFTER TRIAL

■ A judgment notwithstanding the verdict, which was filed in this case, is procedurally identical to the new motion for judgment as a matter of law, renewed after trial, mandated by W.R.C.P. 50(b). Our review, regardless of the label attached, is identical and we will not defer to the trial court's decision. *Ames v. Sundance State Bank*, 850 P.2d 607, 609 (Wyo.1993) (*quoting Wilson v. McMahon*, 831 P.2d 1152, 1154 (Wyo.1992)). Our goal is to ascertain whether the evidence, when viewed in the light most favorable to the non-moving party, but not otherwise weighed by us, is such that reasonable persons can reach but one conclusion. *Id.* Thus, if a jury acted unreasonably and returned a verdict contrary to the one reasonable conclusion that could be reached, a judgment as a matter of law may be granted. *Cargill, Inc. v. Mountain Cement Co.*, 891 P.2d 57, 62 (Wyo.1995). If, however, there is more than one conclusion that reasonable jurors could reach, a judgment as a matter of law is inappropriate. *Id.*

■ The judgment notwithstanding the verdict granted in this case must be reversed. The jury did not act unreasonably when it concluded that Emery and Allyn Mae Tomlinson committed actual fraud. Fraud is established when a plaintiff demonstrates, by clear and convincing evidence, that (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages. *Lavoie v. Safecare Health Service, Inc.*, 840 P.2d 239, 252 (Wyo.1992) (*quoting Duffy v. Brown*, 708 P.2d 433, 437 (Wyo.1985)).

In July of 1985, Emery Tomlinson told Jurkovich that the Fremont County farm was worth $450,000.00 and that a $160,000.00 note, financed at ten percent interest, was owed on the farm. Emery Tomlinson also indicated that $15,000.00 was owed on a windrower and that the $160,000.00 note required yearly payments of approximately $30,000.00. By assuming the responsibility to pay the $160,000.00 note and the $15,000.00 note, Jurkovich believed he would receive a one-half interest in the farm. Emery Tomlinson provided this information with the intention of inducing Jurkovich to assume responsibility for the two notes.

However, the information Emery Tomlinson provided was false. The farm was not worth $450,000.00 in July of 1985. In March of 1985, the farm had been listed for sale on a farm information sheet with a local real estate firm for $300,000.00. The asking price was later reduced to $275,000.00. In addition to misrepresenting the value of the farm, Emery Tomlinson also misrepresented the repayment schedule for the $160,000.00 loan. Jurkovich was led to believe that he would be paying $30,000.00 on a yearly basis. In a letter dated July 25, 1985, Emery Tomlinson admitted to Jurkovich and his wife that there was a balloon payment due on June 1, 1987, but assured Jurkovich that he would "request a continuous pay out based on the same terms as we are presently paying." Apparently, no such request was ever made.

This evidence supports the jury's conclusion that Emery Tomlinson misrepresented the value of the farm and the repayment schedule for the debt owed against the farm. The jury concluded that these misrepresentations were made in hopes of inducing Jurkovich to assume the responsibility of paying approximately $30,000.00 per year in exchange for a one-half interest in the farm. Nothing in the record renders Jurkovich's initial reliance on these misrepresentations unreasonable. He had no reason to believe that the Tomlinsons were lying about the value of the farm or the repayment schedule. In reliance on these misrepresentations, Jurkovich purchased a $35,000.00 cashier's check which was deposited in the Eric Tomlinson Land & Cattle account. Jurkovich intended that the $35,000.00 be used to pay down the debt owed on the farm as quickly as possible.

Based on the foregoing evidence, it was reasonable for the jury to conclude that the Tomlinsons committed actual fraud on Jurkovich. The jury awarded Jurkovich $30,807.00 in damages, obviously concluding that the extra $5,000.00 was voluntarily surrendered,

and we cannot say that the jury's decision was unreasonable as a matter of law.

## B. RESCISSION CLAIM

■ Jurkovich complains that the $30,-807.00 award is insufficient since rescission was the proper remedy. Therefore, he argues that he is entitled to $124,000.00 in damages. This meritless argument is untimely. Jurkovich did not challenge the special interrogatories submitted to the jury which asked the jury "[w]hat amount of compensatory damages should be awarded to Eli Jurkovich?" Nor did Jurkovich argue for rescission at trial or submit any jury instructions regarding rescission. His failure to raise this issue before the district court bars him from arguing it on appeal. *Ford v. Starr Fireworks, Inc.,* 874 P.2d 230, 235 (Wyo.1994).

Even if we were to consider this argument, we would reject it. The fraud Jurkovich suffered was fully exposed by the time he signed the assumption agreement in August of 1985. He signed that agreement with full knowledge of the true repayment schedule for the note. Being aware that the repayment schedule was not as it had been portrayed, he should have inquired into the true value of the farm. The jury correctly concluded that the wool had been removed from his eyes by the time he signed the assumption agreement. We will not disturb the jury's award.

## C. ERIC TOMLINSON'S COUNTERCLAIM

■ The jury in this case tempered legalistic formulas with a healthy dose of common sense. This is precisely the role reserved for the jury and we agree with the result in this case. This same rationale disposes of Eric Tomlinson's argument that he is entitled to damages on his counterclaim. The jury was aware of the initial fraud and the fact that Jurkovich poured approximately $95,000.00 into the farm in addition to the $30,807.00 they awarded him. This knowledge, combined with the fact that Eric Tomlinson invested no cash in the farm, lived there rent free, and in fact reaped the immediate benefits of Jurkovich's investment, is reason enough to deny Eric Tomlinson's request for damages on his counterclaim. There is little doubt that Jurkovich breached the assumption agreement when he refused to pay the mortgage, but it is equally clear that Eric Tomlinson suffered no damages as a result of that breach. The jury's decision to award him no damages is affirmed.

## D. PROCEEDS FROM THE SALE OF FARM EQUIPMENT

■ In February of 1987, Jurkovich gave Eric Tomlinson written permission to sell the farm equipment. The equipment sold for $79,000.00 and Eric Tomlinson took $9,000.00 as proceeds relating to personal property, deposited $35,000.00 in an escrow account pending resolution of this action and placed the remaining $35,000.00 in his own account. Jurkovich is entitled to the money Eric Tomlinson deposited in the escrow account following the sale of the farm equipment. Jurkovich held a one-half interest in the farm and a one-half interest in the farm equipment in March of 1987 when the farm equipment was sold. Jurkovich is, therefore, entitled to one-half of the proceeds garnered from the sale of the farm equipment. Accordingly, on remand, the district court shall order Eric Tomlinson to release the funds held in the escrow account to Jurkovich.

## IV. CONCLUSION

The decision of the district court granting the judgment notwithstanding the verdict is reversed. There was clear and convincing evidence in the record from which a jury could reasonably conclude that Jurkovich was fraudulently induced into investing $30,807.00 in the farm. Jurkovich's argument that he is entitled to $124,000.00 in damages pursuant to a rescission theory is rejected as untimely. The jury's decision rejecting Eric Tomlinson's counterclaim is affirmed.

Affirmed in part, reversed in part and remanded to the district court for further proceedings consistent with this opinion.