Manouchehr RASHIDI, Plaintiff,

v.

Harold G. ALBRIGHT, D. Roe and C. Roe, Natural Parents of Tim Roe, a minor child, and Nancy L. Parent, as Guardian Ad Litem for Tim Roe, a Minor Child, Defendants.

No. CV–N–92–601–ECR.

United States District Court, D. Nevada.

Feb. 10, 1993.

Dean R. Heidrich, Reno, NV, for plaintiff.

William G. Cobb, Erickson, Thorpe & Swainston, Reno, NV, for defendants.

C. Roe and D. Roe, in pro per.

## ORDER

EDWARD C. REED, Jr., District Judge.

This case arises from the prosecution of two of approximately fifty-two civil cases against Manouchehr Rashidi in what was commonly referred to as the "Montessori"

litigation involving alleged child abuse of minor students in a Montessori School. Defendants D. Roe and C. Roe are the parents of Tim Roe who was a former student of the school and on whose behalf the underlying civil litigation was prosecuted. Defendant Albright was the attorney for Tim Roe and Nancy L. Parent was Tim Roe's guardian ad litem. In the instant action, plaintiff Rashidi alleges that defendants' participation in the civil litigation amounted to malicious prosecution, abuse of process, negligence, civil conspiracy and malice and oppression. Defendants filed a motion for summary judgment with regard to all of plaintiff's claims (document # 15). Plaintiff, in addition to filing an opposition to said motion for summary judgment filed a request for this Court to enter a default judgment against defendants for failure to answer plaintiff's complaint under Fed.R.Civ.P. 55(b)(2) (document # 21). After receipt of plaintiff's notices of default, the plaintiffs filed a motion to strike notices of default and request for enlargement of time (document # 19).[1] The Court is prepared to rule on all the submissions before it at this time.

## A. DEFAULT

The first issue that must be decided is whether or not defendants can avoid the default judgment requested by plaintiffs. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules ..." Fed.R.Civ.P. 55(a). Plaintiff alleges that by failing to answer the complaint as required by Rule 12(a), defendants are subject to default. Plaintiff asserts that the summary judgment motion filed by the defendants does not amount to a defense of the action as contemplated by Rule 55 nor does it toll the time for the filing of an answer as contemplated by rule 12(a)(1).[2]

Failure to "otherwise defend" presumes the absence of some affirmative action on the

1. All of defendants' motions were submitted by defendants Albright and Parent and joined by defendants Roe.

2. Plaintiff contends that the period of time to answer a complaint is only altered by service of a motion expressly permitted under rule 12 and

that a summary judgment motion is not "a motion permitted under this rule." 12(b) lists the specific defenses that can be made by motion. While failure to state a claim upon which relief can be granted is included, summary judgment is not.

part of a defendant which would operate as bar to the satisfaction of the moving party's claim. *Wickstrom v. Ebert*, 101 F.R.D. 26, 33 (E.D.Wisc.1984). In this context, it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading. *Id.* citing 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2682 at 409–10 (2nd ed. 1983). It is undisputed that a motion challenging a complaint for failure to state a claim upon which relief can be granted falls squarely within the ambit of the phrase "otherwise defend." Other attacks on particulars have served to prevent default as well. *See de Antonio v. Solomon*, 42 F.R.D. 320 (D.C.Mass.1967) (Court denied plaintiff's motion for entry of default by finding that litigant's obligation to plead or otherwise defend was satisfied by his assertion of privilege against self incrimination even though allegations of complaint were not answered). If challenges less strenuous than those pleading to the merits can prevent the entry of default, clearly a summary judgment motion which speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action is sufficient to fall within the ambit of "otherwise defend" for purposes of Fed.R.Civ.P. 55.

In addition, defendants argument that the summary judgment motion should alter the period of time for serving an answer is not without merit. Although Rule 12 does not specifically allow for a summary judgment motion to toll the running of the period within which a responsive pleading must be filed, by analogy the language would seem to apply—particularly since a Rule 12(b)(6) motion is transformed to a Rule 56 Motion when matters outside the pleadings are considered by the court. *See* 10 Wright, Miller & Kane,

*Federal Practice and Procedure* § 2718 at 670 (2nd ed. 1983).[3]

The ambiguity of the rules, makes disposition of this issue difficult. Generally the best course of action is to complete the pleadings for the record. Pleadings may help the parties involved and the Court to understand the relevant facts, issues and law. However, defendants' belief that the law supports the notion that a summary judgment motion falls within the scope of "defend" within the meaning contemplated by Rule 55 and that the summary judgment motion can toll the response time, minimally amounts to a good faith interpretation of the law or alternatively could be considered excusable neglect pursuant to Rule 6(b).

■ When an application is made to the Court under Rule 55(b)(2) for the entry of judgment by default the district court judge is required to exercise "sound judicial discretion" in determining whether judgment should be entered. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 at 420 (2nd ed. 1983). *See also Massa v. Jiffy Products Co.*, 240 F.2d 702 (9th Cir.1957) *cert. denied* 353 U.S. 947, 77 S.Ct. 825, 1 L.Ed.2d 856. Because the Court has discretion, a party making a request may not be entitled to default judgment as a matter of right even when the defendant is technically in default and that fact has been noticed under Rule 55(a). Consideration of factors such as whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay, whether grounds for default are clearly established, and whether the Court thinks it later would be obliged to set aside the default on defendants' motion are factors this Court evaluated in determining whether or not entry of a default judgment would be appropriate in this matter.[4]

**3.** There is limited authority supporting the argument that a summary judgment motion should not toll the response period. In *Poe v. Cristina Copper Mines,* 15 F.R.D. 85 (D.Del.1953) the Court held that the right to an extension of time to file a responsive pleading until determination of a motion for summary judgment is not a definite and fixed right but a matter to be granted or denied under the rule determining the time of filing of pleadings from a consideration of all the circumstances and a showing of good cause for postponement. In that case the court denied

the request for the enlargement of time after several extensions were given to the defendants and where the summary judgment motion even if granted would not entirely dispose of the action.

**4.** The discretionary power to set aside a default pursuant to Rule 55(c) and the fact that a plaintiff must apply to the court for a judgment by default pursuant to Rule 55(b) make implicit that a judge has discretionary powers when initially deciding to grant or deny a default request.

The ambiguity of the rules, the defendants' good faith interpretation of the law, the discretion allowed this Court and the policy to try cases on the merits rather than dispose of them on technicalities, combine to make entry of a default judgment in this matter inappropriate. Plaintiff's request for default (document # 21) is DENIED.

## B. ANSWER TO COMPLAINT

■ The second issue that must be resolved is whether the defendants must answer the complaint before this Court rules on the summary judgment motion. As discussed above, the Federal Rules of Civil Procedure are unclear on this issue. The better practice would have been to file an answer; however, the rules allow a defending party to move for a summary judgment "at any time." Fed.R.Civ.P. 56(b). Reasons exist for the postponement of the responsive pleading until the determination of a motion for summary judgment which will be entirely dispositive of the action if the rules are construed as required by Fed.R.Civ.P. 1 to secure the just, speedy and inexpensive determination of every action. There seems little reason to require a long, burdensome and expensive investigation to file an answer when the contents of the answer may be entirely useless by the dispositive nature of the action on the motion. In *Miller v. Hoffman,* 1 F.R.D. 290 (D.C.N.J.1940) the court held that when a full release was the subject matter of the motion for summary judgment the answer would not be required. In some instances it may be necessary for a court to order defendants to file a responsive pleading before deciding the motion for summary judgment motion. In certain contexts this serves to help clarify issues and assist the court in determining whether there are any genuine issues of fact that would preclude granting of summary judgment. This Court could choose this course of action or deny the motion without prejudice and allow it to be renewed at a later time; however, the facts of this case make such delay and procedure

unnecessary. Plaintiffs were able to answer the motion fully. Their opposition (document # 18) and response to defendants' reply are complete. There is no showing that the opposition would have been any different or any more comprehensive had a response to the complaint been filed. Plaintiffs assert in their opposition to summary judgment that certain facts could be proven if discovery were permitted (document # 18 Exhibit A). This assertion is not without merit; however, the Court finds that the record is sufficient with regard to the law and consideration of the facts that it would not be an abuse of discretion, even in light of these allegations, to decide the motion for summary judgment at this time. The Court is not precluded from deciding the summary judgment motion prior to the time the defendants answer the complaint. *See First Nat. Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (the Supreme Court affirmed a grant of summary judgment to a defendant who had never answered the complaint in more than six years of litigation).[5] The defendant's motion for summary judgment is ripe for consideration.

## C. SUMMARY JUDGMENT

Defendants assert that there are no facts upon which plaintiff can obtain recovery under any of the claims for relief alleged in the complaint.[6] The Court agrees that the claims for abuse of process, negligence, malicious prosecution, conspiracy and the claims for punitive damages as a result of the defendants allegedly malicious and oppressive conduct fail.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.,* 521 F.2d 1129 (9th Cir.), *cert. denied,* 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence

---

**5.** The Court in *Cities Service Co.* delayed deciding the summary judgment motion until after limited discovery had taken place and an amended complaint was filed. However, that case involved an antitrust action seeking treble damages amounting to 109,000,000 against seven large oil companies, boycott conspiracies, and international enti-

ties. The case at hand is not as complex and such delay is unnecessary.

**6.** All defendant motions are submitted under defendants Harold G. Albright and Nancy L. Parent and joined by defendants Roe.

and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed. R.Civ.P. 56(c); *Semegen v. Weidner,* 780 F.2d 727 (9th Cir.1985). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141 (9th Cir.1983).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson, supra.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248, 106 S.Ct. at 2510. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex, supra.*

Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.* When faced with a motion for summary judgment, the material before the court "must be viewed in the light most favorable to the [non-moving] party." *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### 1. *Negligence*

■ With regard to the negligence claims plaintiff's arguments fail. There is no duty of care owed to an adverse party in litigation. In this case, Mr. Albright's and Ms. Parent's duty was owed their clients and not to Mr. Rashidi. Likewise, no duty was owed to Mr. Rashidi by Mr. and Mrs. Roe.

■ Clearly, without a duty owed, there can be no liability. Several jurisdictions have refused to recognize the theory of professional negligence against adverse counsel. *See e.g. Norton v. Hines,* 49 Cal.App.3d 917, 123 Cal.Rptr. 237 (1975); *Myers v. Cohen,* 5 Haw.App. 232, 687 P.2d 6 (1984); *Garcia v. Sloan,* 106 N.M. 757, 750 P.2d 118 (1988); *Friedman v. Dozorc,* 412 Mich. 1, 312 N.W.2d 585, 590–93 (1981). Although some treatises might explore the notion, and while Nevada has not squarely foreclosed on such a theory, this Court concludes that the Nevada Supreme Court would decline to embrace such a cause of action. While the Court expects all counsel to conform with the ethical guidelines, imposing an affirmative duty of care to an adverse party in litigation would create an unacceptable conflict of interest. *See, Weaver v. Superior Court,* 95 Cal. App.3d 166, 156 Cal.Rptr. 745 (1979). Furthermore, the recognized torts of malicious prosecution and abuse of process adequately cover misconduct on the part of adverse counsel. Plaintiff's negligence claims as to Mr. Albright, Ms. Parent and Defendants Roe, fail as a matter of law.

### 2. *Abuse of Process*

■■ The second cause of action of plaintiff's complaint is one of alleged abuse of process. Abuse of process is a tort recognized to provide a remedy for cases in which legal procedure has been set in motion in proper form, with probable cause, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed. *See* Prosser & Keaton, *Law of Torts,* pg. 896 (1984). In Nevada, the two essential elements of abuse of process are: 1) an ulterior purpose behind the issuance of process; and 2) a willful act in the use of process not proper in the regular conduct of

the proceeding. *Bull v. McCuskey*, 96 Nev. 706, 615 P.2d 957 (1980).

The claim that the "maintenance" of the law suits was for the ulterior purpose of continuing litigation as a lever to obtain personal releases from liability is tenuous at best and more importantly—irrelevant. Even if proven, such a motive would not demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of process. *See Dutt v. Kremp*, 844 P.2d 786 (Nev.1992)

■ In *Laxalt v. McClatchy*, 622 F.Supp. 737 (D.Nev.1985) the court held that the filing of a complaint alone cannot constitute the willful act necessary for the tort of abuse of process and suggested that abusive measures such as minimal settlement offers or huge batteries of motions be considered in determining if the defendants have committed the tort. Such use of process has not occurred in this case. There was virtually no activity regarding the civil suits during the four year period when discovery was stayed and prior to the Rashidi's answer to the Complaint. The informal offer to dismiss if release could be obtained was a good faith effort on behalf of Mr. Albright and an appropriate use of process considering that Mr. Albright is obligated to act as an advocate in the best interest of his client. Activity was minimal between the filing of the complaint and the dismissal in the underlying action. More importantly, none of the procedures used could be termed as improper in the regular conduct of the proceeding. Neither a battery of motions nor coerced settlement offers constituting harassment were made by defendants.

In *Dutt v. Kremp, supra*, the Court concluded that even evidence that a malpractice action was filed to avoid paying medical bills would not give rise to an abuse of process claim and that the attorney's attempt to negotiate a settlement after receiving a medical report which concluded there was no actionable medical malpractice did not constitute misuse of the legal process. In the case at issue, neither of the elements required to support the tort alleged. Plaintiff Rashidi's claim as to abuse of process fails as a matter of law.

### 3. Malicious Prosecution

■ Plaintiff's complaint also contains an allegation of malicious prosecution. The emphasis on this type of claim is upon the misuse of (in this case) civil actions as a means for causing harm. The elements of this tort are (1) favorable termination of the underlying action; (2) absence of probable cause; (3) malice; and (4) damages. *Catrone v. 105 Casino Corporation*, 82 Nev. 166, 414 P.2d 106 (1966). The underlying action was dismissed by court order following the filing of defendant's motion for summary judgment and plaintiffs' motion to dismiss without prejudice. Although the Court granted the plaintiffs' motion to dismiss, the court chose to do so with prejudice as opposed to without prejudice as requested. It appears to the Court that such disposition would be in favor of defendants. However, the Court also finds that plaintiffs did not lack probable cause (requisite element 2) in the underlying action. Undisputed facts exist sufficient to support evidence of probable cause. As a result, this claim fails as a matter of law.

The order of dismissal had no findings relative to probable cause. Whether a case is filed with probable cause is determined at the time the underlying action is filed. *Williams v. Coombs*, 179 Cal.App.3d 626, 224 Cal.Rptr. 865 (1986). The test for probable cause is what was known to the party when the action was commenced. The civil actions at issue were commenced before the dismissal of the criminal indictments against Rashidi and other members of the school. The question is whether the defendants had facts that would, under an objective standard, have permitted a "reasonable" attorney to commence an action. Where there is objective evidence that the attorney had probable cause to institute an action—which is a question of law for the court—the plaintiffs' action for malicious prosecution fails. Only when any reasonable attorney would find that the action was completely without merit would the court authorize a malicious prosecution action to proceed. *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 254 Cal. Rptr. 336, 765 P.2d 498 (1989). In the case at hand there is evidence that Albright believed he had probable cause to proceed.

**1360**

The civil actions in dispute were filed after the criminal indictments were submitted and prior to their dismissal. It is undisputed that Rashidi was criminally indicted for child abuse, was in contact and supervising minor child Roe at the Montessori School and that psychologist Dr. Nielson (whose techniques were later reviewed by a team of psychologists and psychiatrists retained by the State) spoke with the child and found evidence of abuse.

The complaint against Rashidi in the underlying action contains only claims of negligent supervision and willful misconduct to the extent that Rashidi willfully permitted the child to be coerced into silence about the alleged abuse. There are no specific allegations of sexual abuse or that Rashidi willfully allowed sexual abuse. The strategy for filing the complaint in this manner is irrelevant. Of relevance is the fact that there is sufficient evidence to support probable cause of the allegations. Additional investigation could have been conducted; however, failure to do so does not eliminate the existence of probable cause. In *Dutt, supra* the attorney embarked on a medical malpractice suit pursuant to the cursory review of medical records by a non expert. The court determined that such investigation was sufficient. Sufficient investigation was conducted and sufficient findings were discovered to support the finding of probable cause. Although the facts for each plaintiff child in the underlying action differs, the fact that over forty other cases were filed does evidence the mindset of reasonable attorneys with regard to the merits of these closely related actions.

Malice may be inferred from proof of want to probable cause. *Miller v. Schnitzer,* 78 Nev. 301, 371 P.2d 824 (1962). On the other hand, the presence of probable cause requires the conclusion that malice is nonexistent. *Walsh v. Bronson,* 200 Cal.App.3d 259, 245 Cal.Rptr. 888, 894 (1988). Plaintiff's claim of malicious prosecution fails for want of malice (element 3). The Court need not speak to damages as the failure to find elements 2 and 3 preclude the action as a matter of law.

The law supports the use of litigation as a social means for resolving disputes and an accuser must be given a large degree of freedom to make mistakes and misjudgments without being subjected to liability (absent of course an improper purpose or lack of an honest belief that the accused may be found guilty). Although the tort of malicious prosecution has been long recognized, it is also recognized that it has the potential to impose a chilling effect and is traditionally regarded as a disfavored cause of action. *Sheldon Appel Co., supra;* Prosser & Keaton, *The Law of Torts* § 120 at p. 889.

The existence of probable cause cannot be refuted by plaintiff Rashidi. Without this essential element the claim of malicious prosecution must fail.

The remaining claims of conspiracy and malice and oppression do not exist as independent torts but are predicated on the underlying conduct. Plaintiff's complaint failed to state a claim as to either malicious prosecution or abuse of process. Because the underlying claims are not maintainable, the court concludes that the claims of conspiracy and the claims for punitive damages, must also be dismissed.

IT IS, THEREFORE, HEREBY ORDERED that Defendants Motion for Summary Judgment (document # 15) is GRANTED with regard to all defendants as to all counts of negligence, malicious prosecution, abuse of process, conspiracy and malice and oppression. The Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that Plaintiffs Request for Default (document # 21) is DENIED.

Plaintiff's motion to Strike Notice of Default and Request for Enlargement of Time (document # 19) is moot as a result of this Order.