M & A CONSTRUCTION CORP., a New
York corporation, Appellant
(Plaintiff),

v.

AKZO NOBEL COATINGS, INC.,
Appellee (Defendant).

No. 96–227.

Supreme Court of Wyoming.

April 10, 1997.

Joseph F. Moore and Glenn W. Myers of Moore & Myers, Jackson, for appellant.

John L. Gallinger, P.C. and Paula A. Fleck of Holland and Hart, Jackson, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

The district court set aside the entry of default against Appellee Akzo Nobel Coatings, Inc. and granted a summary judgment against Appellant M & A Construction Corp. M & A Construction appeals from those orders.

We affirm.

## ISSUES

M & A Construction presents the following issues on appeal:

I. The Trial Court's vacation of the entry of default without finding any specific grounds as required by Rule 60(b) on which to base its decision was contrary to law.

II. The Trial Court's finding that good cause existed to set aside the entry of default was unsupported by the evidence because Defendant/Appellee failed to meet its burden of proof to show good cause.

III. The Trial Court erred when it found that there were no genuine issues of material fact and that Defendant/Appellee Akzo was entitled to summary judgment as a matter of law.

IV. The Trial Court erred when it found that the Evaluation Voucher form dated February 1, 1994 contained a "release" and that the "release" was clear and unambiguous.

## FACTS

In 1988 or 1989, a wood finish manufactured by Akzo was applied to a house in Jackson which was owned by M & A Construction. Andrew DiMarco, the president of M & A Construction, and his wife contacted Akzo in 1991 and complained that the stain was chipping and flaking. Akzo viewed the house and authorized the restaining of the home at no cost to the DiMarcos. Mr. DiMarco executed a document entitled "Akzo Woodfinishes Final Release," releasing and discharging Akzo from "any action, cause of action, or claim for damages ... where the damage has been sustained as at the date hereof or may be sustained thereafter." The stain was reapplied in the summer of 1991.

The DiMarcos contacted Akzo in the fall of 1993 and informed it that they were again experiencing problems with the stain. Akzo sent forty gallons of a different stain to the DiMarcos, and they took delivery of that stain. Mr. DiMarco executed another release on February 11, 1994.

As a result of the stain's failure, the DiMarcos filed an action on October 19, 1994, in the district court, asserting claims against Akzo for strict liability, breach of express and implied warranties of fitness, and negligence. After Akzo answered the complaint, it filed its first motion for a summary judgment, arguing that the terms of the first release barred the DiMarcos' claims.

On September 6, 1995, the DiMarcos requested leave to amend their complaint in order to change the name of the plaintiff from the DiMarcos to M & A Construction because M & A Construction was the actual owner of the home. The DiMarcos attached a copy of the first amended complaint to the memorandum which it submitted in support of its motion to amend. The district court granted the DiMarcos' motion on September 8, 1995, and stated that the first amended complaint was deemed to be filed *instanter*. The first amended complaint contained revisions in addition to the name change. M & A Construction added additional counts and modified some of the original counts.

Akzo failed to answer the first amended complaint, and M & A Construction requested and received an entry of default on October 12, 1995, from the clerk of the district court. On that same day, Akzo filed a motion to set aside the entry of default. After holding a hearing, the district court found that good cause had been shown for vacating the entry of default and ordered Akzo to file an answer. Akzo filed its answer, and on November 17, 1995, the district court denied Akzo's first motion for a summary judgment.

Akzo filed a second motion for a summary judgment on April 29, 1996, arguing that it was entitled to be awarded a judgment as a matter of law on the basis of the second release. The district court granted Akzo's second motion for a summary judgment, and M & A Construction appealed to this Court.

## DISCUSSION

### A. Default

■ M & A Construction contends that the district court erred when it vacated the entry of default against Akzo. Specifically, M & A Construction argues that sufficient evidence did not support the district court's ruling that good cause had been shown for setting aside the entry of default and that the district court erred by failing to make express findings to support its ruling.

W.R.C.P. 55 governs entries of defaults:

(a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

   . . . .

(c) *Setting aside default.*—For good cause shown the court may set aside an entry of default. . . .

Akzo argues that the clerk of the district court should not have entered the default against it because it had otherwise defended the case under W.R.C.P. 55(a) by filing a motion for a summary judgment and by actively defending the case. In *First Southwestern Financial Services v. Laird,* 882 P.2d 1211, 1214 (Wyo.1994), we quoted *Rashidi v. Albright,* 818 F.Supp. 1354, 1355–56 (D.Nev.1993), *aff'd,* 39 F.3d 1188 (9th Cir. 1994) (citations omitted) as follows:

"Failure to 'otherwise defend' presumes the absence of some affirmative action on the part of a defendant which would operate as [a] bar to the satisfaction of the moving party's claim. In this context, it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading. It is undisputed that a motion challenging a complaint for failure to state a claim upon which relief can be granted falls squarely within the ambit of the phrase 'otherwise defend.' "

In the *Rashidi* case, the federal district court expressly stated that filing a motion for a summary judgment was a means of otherwise defending a case. 818 F.Supp. at 1356.

The court stated: "[C]learly a summary judgment motion which speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action is sufficient to fall within the ambit of 'otherwise defend.' " *Id.*

In this case, Akzo answered the original complaint and then filed its first motion for a summary judgment. While that motion was pending, M & A Construction sought and received permission to amend its complaint. The parties acknowledged that Akzo's first summary judgment motion applied to the amended complaint. The issues were, therefore, effectively joined for resolution by Akzo's summary judgment motion. *See Lantz v. Bowman,* 881 P.2d 1079, 1081 (Wyo. 1994). Even though Akzo did not file its answer to the amended complaint in a timely fashion, it actively and vigorously defended the case, and the entry of default should not have been recorded against it.

■ Furthermore, even if the default had been properly entered, good cause existed for the district court to set aside the entry of default. A district court has broad discretion in deciding whether to set aside an entry of default. *First Southwestern Financial Services,* 882 P.2d at 1215. We will not disturb the district court's decision on appeal " 'unless appellant demonstrates that the trial court abused [it's discretion] and was clearly wrong.' " *Vanasse v. Ramsay,* 847 P.2d 993, 996 (Wyo.1993) (quoting *Claassen v. Nord,* 756 P.2d 189, 193 (Wyo.1988)).

■ The party who is seeking to have an entry of default vacated must establish that he is entitled to such relief. *Carlson v. Carlson,* 836 P.2d 297, 301 (Wyo.1992). The reasons for setting aside a judgment under W.R.C.P. 60(b) are relevant in determining whether good cause has been shown for vacating an entry of default. *Vanasse,* 847 P.2d at 999. Those reasons include "(1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment." W.R.C.P. 60(b). This Court has adopted a three-factor test to be applied in determining whether a motion under W.R.C.P. 60(b) should be granted. *Vanasse,* 847 P.2d at

998. We have also ruled that the factors may be applied to determine whether good cause has been shown under W.R.C.P. 55(c). *First Southwestern Financial Services,* 882 P.2d at 1215; *Vanasse,* 847 P.2d at 998. The three factors we consider are:

"1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to the default."

*Carlson,* 836 P.2d at 301–02 (quoting *Amernational Industries, Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 976 (6th Cir.), *cert. denied,* 501 U.S. 1233, 111 S.Ct. 2857, 115 L.Ed.2d 1024 (1991)).

■ The district court's decision to vacate the entry of default in this case was warranted under W.R.C.P. 60(b). While Akzo could have avoided this entire problem by filing a timely answer to the first amended complaint, it apparently did not believe that an answer was necessary. Akzo had otherwise defended the case by filing its motion for a summary judgment, and it believed that the only difference between the original complaint and the first amended complaint was in the name of the plaintiff. However, the body of the complaint was, in fact, changed significantly, and an answer was required. The district court was also surprised that the first amended complaint contained such drastic changes. We conclude, therefore, that Akzo's failure to file an answer to the first amended complaint was the result of mistake and excusable neglect.

■ The district court's decision to set aside the entry of default was also authorized under the three-factor test. M & A Construction was not prejudiced by the district court's decision; it was aware from the original answer and the summary judgment motion that Akzo generally denied its allegations. Since Akzo filed its motion to set aside the entry of default on the same day that the entry was filed, M & A Construction could not have relied upon the entry of default to its detriment.

Akzo had a meritorious defense as it was eventually successful in obtaining a summary judgment against M & A Construction. In fact, M & A Construction admitted at the hearing on the motion to set aside the entry of default that Akzo had a meritorious defense. Additionally, the evidence in the record does not suggest that Akzo engaged in culpable conduct. Akzo vigorously defended the case, and it also filed its motion to set aside the entry of default on the same day that it was entered. The district court, therefore, properly exercised its discretion when it granted Akzo's motion to set aside the entry of default.

■ M & A Construction also argues that the order granting Akzo's motion to set aside the entry of default must be reversed because the district court did not make specific findings to support its ruling that good cause had been shown. M & A Construction does not direct us to authority which supports its assertion that a district court is required to make express findings, and neither W.R.C.P. 55 nor W.R.C.P. 60 requires that such findings be made. *See Best v. State,* 769 P.2d 385, 389 (Wyo.1989); *see also Haefele v. Meijer, Inc.,* 165 Mich.App. 485, 418 N.W.2d 900, 903–04 (1987) (per curiam). We conclude, therefore, that, while our appellate review of the order would have been facilitated by express findings, the failure to make such findings on the record was not reversible error. *See Best,* 769 P.2d at 389.

## B. Summary Judgment

■ M & A Construction contends that the district court erred by granting a summary judgment in favor of Akzo. The district court found that the second release was clear and unambiguous and that no genuine issues of material fact existed. The district court, therefore, granted Akzo's second motion for a summary judgment, releasing Akzo from further obligation to M & A Construction. M & A Construction argues that the release was not clear and unambiguous and that, in any event, the release lacked consideration. M & A Construction also contends that the release was invalid because Akzo fraudulently induced it into signing the document.

■ Summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is

entitled to have a judgment as a matter of law. *Roitz v. Kidman*, 913 P.2d 431, 432 (Wyo.1996); *see also* W.R.C.P. 56(c). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *JCI v. TL By TL (Paternity of TS)*, 917 P.2d 183, 185 (Wyo. 1996). We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Scott v. Scott*, 918 P.2d 198, 199 (Wyo.1996). We do not accord any deference to the district court's decisions on issues of law. *Koopman By and Through Koopman v. Fremont County School District*, 911 P.2d 1049, 1052 (Wyo.1996).

The second release was signed by Mr. DiMarcos and stated:

**"A** release discharges another from an existing or asserted duty, claim or obligation, and it bars recovery thereon." *Kelliher v. Herman*, 701 P.2d 1157, 1159 (Wyo.1985). Releases, or exculpatory agreements, are contractual in nature. *Milligan v. Big Valley Corporation*, 754 P.2d 1063, 1065 (Wyo.1988); *Kelliher*, 701 P.2d at 1159. We will, therefore, scrutinize the release in this case in accordance with our traditional standard for construing contracts.

Whether a written instrument is ambiguous is a question of law for the courts to decide. When determining whether a contract is ambiguous, we apply well-established principles which were summarized in *Amoco Production Co. v. Stauffer Chemical Co. of Wyoming*, 612 P.2d 463 (Wyo.1980):

"Our basic purpose in construing or interpreting a contract is to determine the intention and understanding of the parties. If the contract is in writing and the language is clear and unambiguous, the intention is to be secured from the words of the contract. And the contract as a whole should be considered, with each part being read in light of all other parts. The interpretation and construc-

tion is done by the court as a matter of law.

"If the contract is ambiguous, resort may be had to extrinsic evidence. An ambiguous contract 'is an agreement which is obscure in its meaning, because of indefiniteness of expression, or because a double meaning is present.' Ambiguity justifying extraneous evidence is not generated by the subsequent disagreement of the parties concerning its meaning."

*Carlson v. Water Unlimited, Inc.*, 822 P.2d 1278, 1281 (Wyo.1991) (quoting *Amoco*, 612 P.2d at 465 (citations omitted)).

*Brockway v. Brockway*, 921 P.2d 1104, 1106 (Wyo.1996) (some citations omitted).

M & A Construction argues that the release was ambiguous because it did not contain the word "release" and it used vague language such as "peeling on residence in Jackson, Wyoming." M & A Construction also contends that the typed language in the "Notes" section which stated, "the following change is accepted," rendered the agreement vague and uncertain.

We conclude that the agreement was not ambiguous and that the clear intent of the exculpatory language in the last paragraph was that M & A Construction, in settlement of its dispute with Akzo, waived and released any claims that it had against Akzo. The "peeling on residence in Jackson, Wyoming" language simply explained the nature of the problem which Akzo was attempting to remedy and the typed language which stated that "the following change is accepted: 20 gal's Rubbol BL22 (Putty)[;] 20 gal's Rubbol BL33 (Putty)" merely referred to the types of materials which were being supplied.

▆ In support of its argument that the release lacked consideration, M & A Construction points to the language in the last paragraph of the agreement which stated: "I understand and agree that Akzo is providing this Product solely as a good will gesture and that Akzo has not indicated that previous material sold to me or my agent was defective." M & A Construction contends that, since the material was supplied as a good will gesture, no consideration was given for the release. We disagree with M & A Construction's contention. Akzo was simply stating that, by supplying the new products to M & A Construction, it was not admitting that the previous products were defective. The next sentence in the agreement clearly stated that Akzo was giving the new products to M & A Construction in exchange for its agreement to release Akzo from any claims.

▆ M & A Construction also contends that the release was void because Akzo fraudulently induced M & A Construction into signing it by stating that M & A Construction only needed to wash the residence with a garden hose before applying the new products when, in fact, the old stain had to be stripped from the house before the new products could be applied.

Fraud is established when a plaintiff demonstrates, by clear and convincing evidence, that (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages.

*Jurkovich v. Tomlinson*, 905 P.2d 409, 411 (Wyo.1995). *See also Lavoie v. Safecare Health Service, Inc.*, 840 P.2d 239, 252 (Wyo. 1992).

Mr. DiMarco admitted in his affidavit that he questioned the veracity of Akzo's representation that the house could be prepared by simply washing it with a garden hose. He averred:

After getting the Rubbol product home, I went to the Color Center to inquire about the Rubbol product, because I did not know anything about it and because I was suspicious of the preparation instructions given to me by [an Akzo employee] in light of the extent of the peeling problem.

As a result of Mr. DiMarco's admission, M & A Construction failed to establish that it was fraudulently induced into signing the release. M & A Construction did not satisfy the last two elements of its fraud claim because Mr. DiMarco did not reasonably believe Akzo's statement and, therefore, did not rely upon it in entering into the agreement.

Since the release was clear, did not lack consideration, and was not procured by fraudulent inducement, it was valid and barred M & A Construction's claims. The district court, therefore, properly granted a summary judgment in favor of Akzo.

## CONCLUSION

The district court did not abuse its discretion when it vacated the entry of default against Akzo, and it properly granted a summary judgment against M & A Construction.

Affirmed.